[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
————————————————

No. 15-12998
Non-Argument Calendar
————————————————

D.C. Docket No. 6:14-cr-00010-LGW-GRS-6


UNITED STATES OF AMERICA,

                                        Plaintiff - Appellee,

versus

STACY WILLIAMS,

                                        Defendant - Appellant.

————————————————

Appeals from the United States District Court
for the Southern District of Georgia
————————————————

(November 9, 2016)


Before HULL, MARCUS, and EDMONDSON, Circuit Judges.

PER CURIAM:

Stacy Williams appeals her convictions for conspiracy to defraud the United States, wire fraud, aggravated identity theft, and wrongful disclosure of identifiable health information, in violation of 18 U.S.C. §§ 371, 641, 1028A, 1343 and 42 U.S.C. §§ 1320-6(a) and 1320-6(b)(3). Williams also challenges her 94-month total sentence. No reversible error has been shown; we affirm.

Briefly stated, Williams's convictions stem from her involvement in a conspiracy to file fraudulent tax returns. Through her employment as a receptionist at a doctor's office, Williams had regular access to patients' personal identifiable information. In furtherance of the conspiracy, Williams stole patient information to be used in preparing fraudulent income tax returns and directed the tax refund checks to be mailed to Williams's current and former addresses.

I.

On appeal, Williams first contends that the district court violated her Sixth Amendment confrontation rights by limiting her ability to cross-examine cooperating co-conspirators -- those who had agreed to testify for the government -

- about the specific sentences they avoided or hoped to avoid by testifying against Williams.

Because Williams raised no objection to the district court's ruling at trial and, instead, raises this argument for the first time on appeal, we review only for plain error. See United States v. Sosa, 777 F.3d 1279, 1294 (11th Cir. 2015). To demonstrate plain error, Williams "must show that there is (1) error, (2) that is plain, (3) that affects substantial rights, and (4) that seriously affects the fairness, integrity, or public reputation of judicial proceedings." See id. (quotation omitted).

A criminal defendant has a right, under the Sixth Amendment, to confront witnesses against him. U.S. Const. amend. VI. "The main and essential purpose of confrontation is to secure for the defendant the opportunity of cross-examination." United States v. Baptista-Rodriguez, 17 F.3d 1354, 1366 (11th Cir. 1994) (alteration omitted). Still, a "defendant's right to cross-examine witnesses is not without limitation." Id. "Trial judges retain wide latitude to impose reasonable limits on cross-examination based on concerns about, among other things, confusion of the issues or interrogation that is repetitive or only marginally relevant." Id. at 1370-71.

The district court committed no plain error in limiting Williams's cross-examination of the government's cooperating witnesses. Williams concedes on

3

appeal that the circuit courts are split on this issue.[1] Given the disagreement among the circuits on this issue and the absence of controlling precedent from the Supreme Court or from this Court, Williams can demonstrate no plain error. See United States v. Chau, 426 F.3d 1318, 1322 (11th Cir. 2005) (because an error is "plain" only if the error is "clear under current law," it follows that "there can be no plain error where there is no precedent from the Supreme Court or this Court directly resolving it.").

II.

Williams next argues that the district court abused its discretion by allowing the government to introduce evidence of Williams's 14-year-old, felony shoplifting conviction. We review the district court's evidentiary rulings for clear abuse of discretion. United States v. Dodds, 347 F.3d 893, 897 (11th Cir. 2003).

As an initial matter, evidence of Williams's shoplifting conviction was not introduced to impeach Williams's character for truthfulness, pursuant to Fed. R. Evid. 609. Instead, on cross-examination of two of Williams's character witnesses,

---

[1] The First, Second, Fourth, Seventh, and Eighth Circuits have held that a district court's limitation on a defendant's ability to cross-examine cooperating co-conspirators constitutes no violation of the Confrontation Clause. Meanwhile, the Third, Fifth, and Ninth Circuits have made the opposite conclusion. For background, see United States v. Dimora, 843 F. Supp. 2d 799, 842-44 (N.D. Ohio 2012) (collecting cases).

4

the government asked whether the witnesses were aware of Williams's prior conviction.[2]

"It is well settled that once a witness has testified about a defendant's good character, cross-examination inquiry is allowed as to whether the reputation witness has heard of particular instances of conduct relevant to the trait in question." United States v. Adair, 951 F.2d 316, 319 (11th Cir. 1992); see also Michelson v. United States, 69 S. Ct. 213, 220 (1948) ("The price a defendant must pay for attempting to prove his good name is to throw open the entire subject which the law has kept closed for his benefit and to make himself vulnerable where the law otherwise shields him."); Fed. R. Evid. 405(a). "Since the reputation witness relates what he has heard, the inquiry sheds light on the reliability of the witness'[s] perceptions about the defendant." Adair, 951 F.2d at 319. Unlike Rule 609(b), Rule 405(a) has no limitation on the age of the conviction that may be the subject of cross-examination. See United States v. Edwards, 549 F.2d 362, 367 (5th Cir. 1977) (rejecting the argument that the ten-year limitation in Rule 609(b) should be read in conjunction with Rule 405(a)). Evidence of a defendant's prior misconduct is admissible under Rule 405(a), however, only if "the incidents

---

[2] At trial, Williams objected to questions about the prior felony conviction only on grounds that the prior conviction was over ten years old.

5

inquired about [are] relevant to the character traits at issue in the case."[3]  Adair, 951 F.2d at 319.

The district court abused no discretion in permitting the government to cross-examine Williams's character witnesses about Williams's prior shoplifting conviction.  Williams presented two character witnesses who testified on direct examination that they had known Williams "all her life" and since "the early [19]90s" and that Williams had a reputation in the community for being an honest person.  Given this testimony, it was proper for the government to test the credibility of the witnesses' testimony by cross-examining them about their knowledge of Williams's 2000 conviction.  Moreover, although Williams's shoplifting conviction involved a different underlying offense, Williams put at issue her general reputation in the community for "honesty" and "truthfulness." Because Williams's shoplifting conviction "would tend to weaken the assertion" that Williams had a reputation for being an honest person, the district court abused no discretion in permitting cross-examination about the prior conviction.  See Michelson, 69 S. Ct. at 222 ("It is not only by comparison with the crime on trial but by comparison with the reputation asserted that a court may judge whether the prior arrest should be made subject of inquiry.").

---

[3] That Williams had a prior shoplifting conviction is undisputed; thus, the government had "a good faith factual basis for the incidents raised during cross-examination."  See Adair, 951 F.2d at 319.

III.

We review the reasonableness of a sentence under a deferential abuse-of-discretion standard. Gall v. United States, 128 S. Ct. 586, 591 (2007). The party challenging the reasonableness of the sentence bears the burden of establishing that the sentence is unreasonable in the light of both the record and the 18 U.S.C. § 3553(a) factors.[4] United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005). We will reverse a sentence only "if we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." United States v. Pugh, 515 F.3d 1179, 1191 (11th Cir. 2008).

In reviewing a sentence, we first examine whether the district court committed a significant procedural error, such as calculating improperly the guidelines range, failing to consider the section 3553(a) sentencing factors, basing the sentence on clearly erroneous facts, or failing to explain adequately the chosen sentence. Gall, 128 S. Ct. at 597. After we have determined that a sentence is

---

[4] Under section 3553(a), a district court should consider the nature and circumstances of the offense, the history and characteristics of the defendant, the need for the sentence to provide adequate deterrence, respect for the law, and protection of the public, policy statements of the Sentencing Commission, provision for the medical and education needs of the defendant, and the need to avoid unwarranted sentencing disparities. See 18 U.S.C. § 3553(a)(1)-(7).

procedurally sound, we review the sentence's substantive reasonableness under the totality of the circumstances. Id. A sentence substantively is unreasonable if it "fails to achieve the purposes of sentencing as stated in section 3553(a)." Talley, 431 F.3d at 788.

## A.

About the procedural reasonableness of her sentence, Williams first contends that the district court erred in applying a 2-level vulnerable victim enhancement under U.S.S.G. § 3A1.1(b)(1). We need not address whether the enhancement was applied properly, however, because the district court said expressly that "regardless of the outcome of any of the guideline questions, I would again impose a sentence of 94 months based on the 3553 factors." See United States v. Barner, 572 F.3d 1239, 1247-48 (11th Cir. 2009) ("Where a district judge clearly states that he would impose the same sentence, even if he erred in calculating the guidelines, then any error in the calculation is harmless.").

B.

Williams also contends that her sentence is procedurally unreasonable because the district court failed to explain adequately its reasons for imposing consecutive sentences on Williams's two aggravated identify theft convictions. Because Williams raises this argument for the first time on appeal, we review only for plain error.  See Sosa, 777 F.3d at 1294.

Factors the district court may consider in deciding whether to run sentences for multiple counts of aggravated identity theft concurrently or consecutively to each other include, but are not limited to, (1) "[t]he nature and seriousness of the underlying offenses"; (2) "[w]hether the underlying offenses are groupable under § 3D1.2"; and (3) "[w]hether the purposes of sentencing set forth in 18 U.S.C. § 3553(a)(2) are better achieved by imposing a concurrent or a consecutive sentence."  U.S.S.G. § 5G1.2, comment. n.2(B).

Here, the district court explained adequately its decision to impose consecutive sentences for Williams's two identity theft counts.  In particular, the district court explained that running the sentences consecutively was appropriate in the light of the nature and seriousness of the offense, including the "breathtaking amount of fraud that was perpetrated" and the extent of the harm it caused and given that Williams took advantage of her position at a doctor's office to gain

9

access to the victims' personal identifiable information. That the district court's explanation included no express reference to each of the non-exhaustive factors listed in U.S.S.G. § 5G1.2, comment. n.2(B) does not render the sentence procedurally unreasonable. See United States v. Robles, 408 F.3d 1324, 1328 (11th Cir. 2005) (district courts are not required to conduct an accounting of every factor and explain the role each played in the sentencing decision). The district court need only articulate enough reasons to satisfy this Court that it "considered the parties' arguments and has a reasoned basis for exercising [its] own legal decisionmaking authority." Rita v. United States, 127 S. Ct. 2456, 2468 (2007) ("The appropriateness of brevity or length, conciseness or detail, when to write, what to say, depends upon circumstances.").[5] On this record, we see no plain error.

---

[5] We also reject Williams's contention that the prosecutor requested consecutive sentences to punish Williams for exercising her right to proceed to a jury trial. Nothing evidences that the prosecution acted with a vindictive motive. Although the prosecution mentioned that Williams was the only defendant out of 56 defendants charged to "hold the government to its burden to go to trial" -- to which the district court responded immediately (and the prosecution agreed) was "her right" -- the prosecution did so in the context of explaining that Williams's trial had served to reveal the details of how the conspiracy operated. The prosecution then raised a number of valid reasons to justify the imposition of consecutive sentences based on evidence produced at trial, Williams's history, and on Williams's post-trial conduct.

C.

Williams has also not shown that her 94-month total sentence is substantively unreasonable. First, Williams's sentence is within the applicable guidelines range; we ordinarily expect such a sentence to be reasonable. See Talley, 431 F.3d at 788. Williams's total sentence is also well-below the 20-year maximum statutory penalty for her wire fraud convictions, which is further evidence of its reasonableness. See United States v. Gonzalez, 550 F.3d 1319, 1324 (11th Cir. 2008); 18 U.S.C. § 1343.

In determining Williams's sentence, the district court considered expressly the parties' arguments and the section 3553(a) factors. The district court discussed the nature and circumstances of Williams's tax fraud scheme, for which Williams was held accountable for an intended loss amount of $108,388. The district court also expressed concern about the impact the scheme had had on Williams's 24 victims, all of whom were patients at the doctor's office where Williams was employed and who had provided their identification information for purposes of receiving medical treatment.

Williams has also failed to demonstrate that she is similarly situated to her fellow co-conspirators who received lesser sentences. Among other things -- unlike her co-conspirators -- Williams pleaded not guilty, proceeded to trial, and

11

provided no assistance to the government.  "[D]efendants who cooperate with the government and enter a written plea agreement are not similarly situated to a defendant who provides no assistance to the government and proceeds to trial." United States v. Docampo, 573 F.3d 1091, 1101 (11th Cir. 2009).  Thus, Williams can demonstrate no unwarranted sentencing disparity.  See id.

Given the record, we cannot say that Williams's 94-month sentence failed to reflect the purposes of sentencing or that the district court committed "a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case."  See Pugh, 515 F.3d at 1203.

AFFIRMED.